UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MALIK HALL,<br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN HONDA FINANCE<br>CORPORATION,<br>　　　　Defendant. | )<br>)<br>)<br>)　CAUSE NO.: 2:22-CV-129-JTM-JEM<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court due to the failure of Plaintiff Malik Hall to appear at the Show Cause Hearing of December 8, 2022, at 10:30 a.m., the Status Conference of October 27, 2022, and the Motion Hearing of September 15, 2022.

On August 19, 2022, counsel for Plaintiff filed a motion to withdraw his appearance. The Court set the motion for a telephonic hearing on September 15, 2022 and ordered Plaintiff Hall to participate. A copy of that Order was mailed to the address on the docket for Plaintiff Hall. On September 15, 2022, Plaintiff Hall did not attend the telephonic motion hearing, and the matter was set for a telephonic status conference on October 27, 2022. A copy of that order was mailed to Plaintiff Hall. On September 19, 2022, an Order granting the Motion to Withdraw was entered, reminding all parties of the October 27, 2022 status hearing, and warning Plaintiff Hall that failure to appear may result in sanctions, including dismissal. That Order was mailed to Plaintiff Hall at the same address. On October 27, 2022, Plaintiff Hall Plaintiff Hall, who is proceeding *pro se*, failed to appear without explanation, so the Court set the matter for a hearing to inquire into Plaintiff's failure to appear, to be held on December 8, 2022, warning Plaintiff that his failure to

1

appear could result in sanctions, including dismissal of the case. That Order was also mailed to Plaintiff Hall. None of the mail sent to Plaintiff Hall was returned as undeliverable. Plaintiff Hall, who is proceeding *pro se*, again failed to appear without explanation.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of Plaintiff, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Plaintiff has failed to appear at the last three hearings set by the Court and failed to communicate with either the Court or counsel for Defendant following the withdrawal of his counsel. The Court also finds that proper warning has been given to Plaintiff. *See Gabriel*, 514 F.3d at 736; *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, Plaintiff received "due warning" in a formal Show Cause Order sent to Plaintiff, and the Court finds that dismissal is warranted by Plaintiff's failure to comply with the Show Cause Order of October 27, 2022.

Defendant American Honda Finance Corporation requested that this matter be dismissed with prejudice, but the Court in unable to recommend a dismissal with prejudice. Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS this case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 8th day of December, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: Judge James T. Moody  
All counsel of record  
Plaintiff Malik Hall, *pro se*, by first class and certified mail, return receipt requested